NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3327

VICTOR AGUILAR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.
.

Victor Aguilar, of Lubbock, Texas, pro se.

Calvin Morrow, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Rosalyn L. Wilcots, Acting Associate General Counsel.

Appealed From: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3327

VICTOR AGUILAR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: March 9, 2007

_____

Before PROST, Circuit Judge, PLAGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

Victor Aguilar (Aguilar) appeals the decisions of the Merit Systems Protection Board (Board) dismissing his claims relating to his removal from his position with the United States Postal Service (USPS) for lack of jurisdiction. See Aguilar v. U.S. Postal Serv., MSPB Docket No. DA0752050607-I-1 (Oct. 12, 2005) (Initial Decision); Aguilar v. U.S. Postal Serv., MSPB Docket No. DA0752050607-I-1 (May 15, 2006) (Board Decision); Aguilar v. U.S. Postal Serv., MSPB Docket No. DA0752050607-B-1 (June 1, 2006) (Final Decision) (final on July 6, 2006). We affirm.

## I. BACKGROUND

Aguilar, a preference eligible veteran, was removed from the USPS based on a charge of falsification of an official form and lying to postal inspectors during an

investigative interview. The USPS's notice of decision indicated that Aguilar would be removed effective June 10, 2005 and that he had the right to file a grievance under his labor agreement or to file an appeal with the Board. The decision informed Aguilar that an appeal to the Board must be filed within 30 calendar days from June 10, 2005 and that "the filing of a grievance will not extend the time limit for filing an appeal with the [Board]." Aguilar did not file his appeal with the Board until September 1, 2005.

The administrative judge (AJ) concluded that it lacked jurisdiction over Aguilar's removal because his appeal was filed 52 days late. Initial Decision, at 3-4 (citing 5 C.F.R. § 1201.22(b) (2005)). The AJ further found that Aguilar had not shown good cause for the delay in filing and dismissed the appeal. Id. at 4-6. The Board affirmed the AJ's dismissal of Aguilar's removal claim, but reopened the case on its own motion and remanded for the AJ to consider whether the Board had jurisdiction over Aguilar's claim under the Veterans Employment Opportunities Act of 1998 (VEOA) and his claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA). See Board Decision, at 4-6. On remand, the AJ determined that the Board lacked jurisdiction over Aguilar's VEOA claim because he did not file a complaint with the Department of Labor (DoL) prior to appealing to the Board as required by 5 U.S.C. § 3330a (2000). See Final Decision, at 4-5. The AJ also determined that the Board lacked jurisdiction over Aguilar's USERRA claim because "appellant has not asserted any facts that could show that his removal was due to his prior military service." Id. at 4. The AJ's decision became final on July 6, 2006.

## II.  DISCUSSION

The scope of our review is limited by statute.  See 5 U.S.C. § 7703(c) (2000).  We can only set aside a decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994) (quoting 5 U.S.C. § 7703(c)).  The question of whether the Board has jurisdiction is a question of law that we review de novo.  Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).  We review the Board's decision not to waive its regulatory filing deadline for an abuse of discretion.  See Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (stating that waiver of the regulatory time limit for filing an appeal to the Board "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board").

We conclude that the Board did not err in dismissing Aguilar's removal claim for lack of jurisdiction.  Aguilar does not dispute that his appeal was filed 52 days late, nor does he explain why good cause exists for waiving the Board's deadline.  Therefore, we conclude that the Board did not abuse its discretion in refusing to waive the 30-day deadline for Aguilar to appeal his removal.  See Mendoza, 966 F.2d at 653.

We also conclude that the Board did not err in dismissing Aguilar's claims under the VEOA for lack of jurisdiction.  Section 3330a of Title 5 provides an administrative process for preference eligible veterans to seek redress for alleged veterans' preference violations.  The VEOA requires that a preference eligible veteran first file a complaint with the DoL.  See 5 U.S.C. § 3330a(a), (d).  It is undisputed that Aguilar did not file a

2006-3327                                              3

complaint with the DoL. Therefore, we affirm the Board's dismissal of Aguilar's VEOA claim for lack of jurisdiction.

Finally, we conclude that the Board properly dismissed Aguilar's USERRA claim for lack of jurisdiction. One of the factors that a USERRA claimant must plead to invoke the Board's jurisdiction is that the agency's denial of employment was based on a veteran's military service or obligation to serve. See Yates, 145 F.3d at 1484. Even under the most liberal reading of the record, we cannot conclude that Aguilar has properly established the Board's jurisdiction over his USERRA claim. Aguilar fails to make any allegation or identify any facts suggesting that his military service caused his loss of a benefit. Cf. id. at 1485 (finding Board had jurisdiction under USERRA because petitioner had alleged she lost a benefit of employment and that her loss was due to her military service). Thus, we affirm the Board's dismissal of Aguilar's USERRA claim.

## III.    CONCLUSION

Because the Board lacked jurisdiction over Aguilar's removal claim, his VEOA claim, and his USERRA claim, we affirm.

No costs